IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GREGORY J. MERGENTHALER, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CV 17–29–M–JCL <br><br> ORDER |

Plaintiff Gregory Mergenthaler brings this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Mergenthaler alleges disability since May 7, 2009. Mergenthaler's claim was denied initially and on reconsideration, and he requested an administrative hearing. On December 23, 2015, the Administrative Law Judge (ALJ) issued a decision finding Mergenthaler not disabled within the meaning of the Act. The Appeals Council denied Mergenthaler's request for review, making the ALJ's decision the agency's final decision for purposes of judicial review. Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g).

-1-

Mergenthaler was 44 years old at the time of his alleged onset date, and 50 years old at the time of the ALJ's decision.

## I. Standard of Review

This Court's review is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart,* 454 F.3d 1063, 1070 (9th Cir. 2006).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). This Court must uphold the Commissioner's findings "if supported by inferences reasonably drawn from the record." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[I]f evidence exists to support more than one rational interpretation," the Court "must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193 (*citing Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999). This Court "may not substitute its judgment for that of the Commissioner." *Widmark*, 454

F.3d at 1070 (*quoting Edlund*, 253 F.3d at 1156).

## II.  Burden of Proof

To establish disability, a claimant bears "the burden of proving an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Batson*, 359 F.3d at 1193-94 (*quoting* 42 U.S.C. § 423(d)(1)(A)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  The claimant bears the burden of establishing disability at steps one through four of this process. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  At the first step, the ALJ will consider whether the claimant is engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(I).  If not, the ALJ must determine at step two whether the claimant has any impairments that qualify as "severe" under the regulations.  20 C.F.R. § 404.1520(a)(4)(ii).  If the ALJ finds that the claimant does have one or more severe impairments, the ALJ will compare those impairments to the impairments listed in the regulations.  20 C.F.R. § 404.1520(a)(4)(iii).  If the ALJ finds at step three that the claimant has an impairment that meets or equals a listed impairment, then the claimant is considered disabled.  20 C.F.R. §

404.1520(a)(iii).

If, however, the claimant's impairments do not meet or equal the severity of any impairment described in the Listing of Impairments, then the ALJ must proceed to step four and consider whether the claimant retains the residual functional capacity (RFC) to perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant establishes an inability to engage in past work, the burden shifts to the Commissioner at step five to establish that the claimant can perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

## III. Discussion

The ALJ found at step one that Mergenthaler last met the insured status requirements of the Act on September 30, 2011, and had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ found that Mergenthaler had the following severe impairments: tachycardia with syncope, depression, and post traumatic stress disorder ("PTSD"). The ALJ concluded at step three that Mergenthaler did not have an impairment or combination of impairments that met or medically equaled any impairment described in the Listing of Impairments. The ALJ also found that while Mergenthaler's impairments could reasonably be expected to cause the alleged symptoms, his statements regarding the severity of those symptoms were not

entirely credible. The ALJ concluded that Mergenthaler had the residual functional capacity to perform a reduced range of medium work. Based on that residual functional capacity assessment, the ALJ found at step four that Mergenthaler could perform past relevant work as a bulk fuel dispatcher. Alternatively, the ALJ found at step five that Mergenthaler was not disabled because there were a significant number of jobs in the national economy that he was capable of performing, including light work as a general office clerk or shipping order clerk, and medium work as a hand packager. (Doc. 6, at 23-35).

A.  **Medical Opinions**

Mergenthaler first contends the ALJ erred by not giving more weight to the opinion of his treating psychologist, Dr. Julie Hergenrather. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(d)(2). An ALJ may reject the uncontradicted opinion of a treating physician only for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To discount the controverted opinion of a treating physician, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record." *Lester*, 81 F.3d at 830.

Dr. Hergenrather was Mergenthaler's treating psychologist from September

2006 through October 2010.  (Doc. 6, at 811-859).  In September 2009, Dr. Hergenrather completed a Physician Statement for Work Site Accommodation form.  (Doc. 6, at 956-58).   At that time, Mergenthaler was working as a custodian at the University of Montana and had requested that reasonable accommodations for his PTSD be implemented in order for him to perform the essential functions of his job.  Mergenthaler's employer expected him to "build and maintain a work atmosphere of trust and respect by establishing open communication with co-workers," refrain from outbursts, "take steps to prevent destructive conflict and handle conflict in an appropriate manner," and not spy or eavesdrop on his co-workers.  Dr. Hergenrather wrote that Mergenthaler would not be able to comply with those work expectations at that time because of the symptoms associated with his PTSD.  Dr. Hergenrather indicated there were no accommodations for Mergenthaler's PTSD that would effectively enable him to perform his job duties at that time, and wrote that he had a full medical restriction from work duties for one year – from September 2009 to September 2010 – to undergo treatment for his PTSD.  Dr. Hergenrather explained that Mergenthaler was engaging in weekly cognitive behavior therapy for his PTSD and anticipated that his condition would improve over time.  (Doc. 6, at 956-59).

      The ALJ gave Dr. Hergenrather's opinion little weight for two reasons.

First, the ALJ found Dr. Hergenrather's opinion was "inconsistent with the record which shows that [Mergenthaler] did not begin therapy for his PTSD until late 2009, and that he quickly reported improvement in his symptoms with medications and treatment." (Doc. 6, at 33). This is not an accurate statement. The ALJ overlooked the fact that Dr. Hergenrather diagnosed Mergenthaler with PTSD in September 2006, and treated him with cognitive behavior therapy at various intervals until October 2010.

Dr. Hergenrather saw Mergenthaler a handful of times in 2009 before referring him to Dr. Willoughby for additional psychiatric treatment in December of that year. (Doc. 6, at 817-24). The fact that Dr. Willoughby did not begin treating Mergenthaler until December 2009 may be what the ALJ was referring to when he said that Mergenthaler did not begin therapy for his PTSD until late 2009. But in making that statement, the ALJ failed to discuss records reflecting that Dr. Hergenrather had been treating Mergenthaler for PTSD since September 2006. Thus, the ALJ's statement that Mergenthaler did not begin therapy for his PTSD until late 2009 was not a specific and legitimate reason for discounting Dr. Hergenrather's opinion.

Second, the ALJ gave Dr. Hergenrather's opinion little weight because she did not support it with any "specific examples." (Doc. 6, at 33). An ALJ need not

accept a medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). While some of Dr. Hergrenrather's opinion is made up of check mark conclusions and brief responses to the questions set forth on the form, she also attached a description of the functions she believed Mergenthaler was unable to perform. For the ALJ to simply discount Dr Hergenrather's opinion because she did not provide any more "specific examples" from her treatment notes is not, by itself, a specific and legitimate reason for discounting her assessment as to the severity of Mergenthaler's PTSD.

B.   **Other Medical Source Evidence**

Mergenthaler next argues the ALJ did not give sufficient weight to the opinion of his therapist, Greg Shanks, who saw him roughly once every week or two from February 2010 through his date last insured of September 30, 2011. (Doc. 6, at 323-476; 995-1002;). In October 2015, Shanks wrote a letter addressing Mergenthaler's symptoms and limitations both at the time of the letter's writing and during the relevant period prior to September 2011. (Doc. 6, at 995). Shanks explained that he had been Mergenthaler's treating mental health clinician since October 14, 2010, and had provided more than 180 hours of therapy from that time until the time of the letter's writing in October 2015.

Shanks provided a detailed assessment of Mergenthaler's functioning prior to September 2011, and concluded that his mental health difficulties would have prevented him from maintaining full-time employment, even of a low stress and routine nature, without any special employer accommodations on a consistent and reliable basis." (Doc. 6, at 999).

As a counselor, Shanks is considered an "other medical source" rather than an "acceptable medical source." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); 20 C.F.R. § 404.1513(a), (d). An ALJ may disregard evidence provided by other medical sources if the ALJ gives germane reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Here, the ALJ did not even mention Shanks' opinion, much less provide any reasons for rejecting it. Although the ALJ summarized Shanks' treatment records, he did not consider the October 2015 letter. This was error. Because Shanks' October 2015 letter referred to his treatment notes and addressed Mergenthaler's mental impairments and resulting limitations in clinical terms, it was not simply duplicative of Mergenthaler's testimony. Thus, the ALJ's failure to provide

germane reasons for rejecting Shanks' opinion cannot be considered harmless.[1]

See *Molina v. Astrue*, 674 F.3d 1104, 1122 (holding that failure to provide germane reasons for rejecting lay testimony may be harmless error if the ALJ provides clear and convincing reasons for rejecting the claimant's symptom testimony and the lay witness has not described limitations beyond those alleged by the claimant).

### C. Remaining Issues

Mergenthaler argues the ALJ did not provide sufficiently clear and convincing reasons for discounting his subjective symptom testimony. Because this matter must be remanded for the reasons set forth above, the Court does not address this argument. See *Pola v. Colvin*, 2013 WL 4525429 * 3 n. 2 (E.D. Wash. Aug. 27, 2013).

Mergenthaler challenges the ALJ's step four finding that he could perform past relevant work as a bulk fuel dispatcher. While the Court need not address this argument either, it will do so in part to provide guidance on remand.

---

[1] Mergenthaler also argues the ALJ erred by not addressing a letter of suspension written by his former employer in May 2009. (Doc. 9, at 16). But this letter simply sets forth Mergenthaler's infractions and his employer's expectations. (Doc. 6, at 269). As such, it was not significant probative evidence that the ALJ was required to discuss. See *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (an ALJ need only discuss evidence that is significant and probative).

Mergenthaler claims the ALJ mistakenly found that he worked as a bulk fuel dispatcher from March 2002 to June 2007, when in fact he had only performed the job from March 2007 to June 2007. Because he had only worked as a bulk fuel dispatcher for a few months, Mergenthaler maintains the position does not qualify as "past relevant work."

Mergenthaler is correct. His work history report shows that he worked as bulk fuel dispatcher for approximately four months – from March 2002 through June 2002. (Doc. 6, at 222). As generally performed, the specific vocational preparation (SVP) for the bulk fuel dispatcher position is 7, which means that it is skilled work and corresponds to two to four years of preparation. DOT § 222.387-018, Appx. C. (Doc. 6, at 103). The Commissioner concedes that Mergenthaler did not perform this position for a sufficient duration to have learned how to do the job. (Doc. 12, at 14). The ALJ thus erred at step four by finding that Mergenthaler could perform past relevant work as a fuel dispatcher.

The ALJ made alternative findings at step five that Mergenthaler could perform other jobs that exist in significant numbers in the national economy. The ALJ found based on the vocational expert's testimony that Mergenthaler could perform the representative jobs of general office clerk (light, semi-skilled SVP 3, DOT § 209.562-010); shipping order clerk (light, semi-skilled SVP 4, DOT §

219.3367-030); or hand packager (medium, unskilled SVP 2, DOT § 920.587-018). Mergenthaler argues the ALJ erroneously premised his step five findings on the vocational expert's testimony that Mergenthaler was capable of performing these representative jobs because he had acquired transferable office skills from his past relevant work as a bulk fuel dispatcher.

The vocational expert testified that considering "the transferable skills [Mergenthaler acquired] from the dispatching work that he's done," Mergenthaler could perform the jobs of general office clerk and shipping order clerk. As set forth above, however, Mergenthaler had not performed the dispatching job long enough to acquire those skills. Because the vocational expert's testimony was premised on the assumption that Mergenthaler had acquired transferable office skills from the dispatching job, the ALJ erred in relying on that testimony to find that Mergenthaler could work as a general office clerk or shipping order clerk.

The ALJ further found based on the vocational expert's testimony that Mergenthaler could perform the representative job of hand packager (medium, unskilled SVP 2, DOT § 920.587-018). The vocational expert did not consider transferable skills in testifying that a person with Mergenthaler's residual functional capacity would be able to do unskilled work as a hand packager. After eroding the job numbers based on Mergenthaler's limitations, the vocational

expert testified that 175,000 hand packer jobs existed nationally. This single finding may have been enough to support the ALJ's step five conclusion that there were a significant number of jobs in the national economy that he could perform. See *Gutierrez v. Commissoner of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) (25,000 national jobs meets the statutory standard); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 nationwide jobs significant); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (125,000 nationwide jobs significant). But because this matter must remanded to allow for proper consideration of the opinion evidence described above, the ALJ should elicit additional vocational expert testimony for purposes of step four and step five.

**D. Remand**

Mergenthaler asserts that this matter should be remanded for immediate payment of benefits rather than further proceedings. The proper course in most cases is to remand for further proceedings. Remand for an award of benefits is appropriate only in "rare circumstances," when certain conditions are met. *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). Remand for an award of benefits is appropriate only where (1) the ALJ has not provided legally sufficient reasons for rejecting evidence, such as the claimant's testimony or a medical opinion; and (2) the record has been fully developed and

there are no outstanding issues on which further administrative proceedings would be useful. *Leon v. Berryhill*, 2017 WL 5150294 *2 (9th Cir. 2017). If these two conditions are satisfied, the court credits the discredited evidence "as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Leon*, 2017 WL 5150294 *2 (citing *Treichler*, 775 F.3d at 1101). Even if the first two conditions are satisfied and the court credits the evidence as true, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 2017 WL 5150294 *2. Remand for an award of benefits is proper only if there is no serious doubt as to disability.

      Here, the conditions of the credit-as-true rule are not met. Given the conflicting medical evidence and the ALJ's failure to properly address the opinion evidence discussed above, the Court cannot conclude that further administrative proceedings would serve no useful purpose. Pursuant to this remand, the ALJ shall properly consider the opinions of Mergenthaler's treating psychologist, shall properly consider the other medical source evidence of record, and shall elicit additional vocational expert testimony for purposes of step four and step five. Even crediting the discredited evidence as true, remand for further proceedings rather than award of benefits is the proper remedy because there is substantial doubt based on the record as whole whether Mergenthaler is in fact disabled.

Under the circumstances, remand for further administrative proceedings rather than for an immediate award of benefits is the appropriate remedy.

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that the Commissioner's decision is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 9th day of November, 2017

Jeremiah C. Lynch
United States Magistrate Judge